AO 245 B (Rev. 10/93)(W.D.Tx. Rev.2.0) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### AUSTIN DIVISION

FILED
MAY 30 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA

v.

DAVID ISRAEL XINIDAKIS
**True Name: David Israel Xinidakis**
Defendant

Case Number: A-98-CR-153(2)JRN
USAO Number: 1998R01805

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, **DAVID ISRAEL XINIDAKIS**, was represented by William M. Rugeley.

The defendant pled guilty to counts 1, 2 and 3 of the indictment at rearraignment on February 8, 1999. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:2113(a), 18:2113(d) & 18:2 | BANK ROBBERY; AIDING & ABETTING | 06/17/97 | 1 |
| 18:924(c)(1) & 18:2 | USING AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE | 06/17/97 | 2 |
| 18:924(o) & 18:2 | CONSPIRACY TO CARRY A FIREARM DURING A CRIME OF VIOLENCE; AIDING & ABETTING | 06/17/97 | 3 |

As pronounced on **MAY 6, 1999**, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a total special assessment of **$300.00**, for counts 1, 2 and 3 of the indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, United States District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 6th day of May, 1999.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

Defendant's SSN: 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
Defendant's Date of Birth: 12/16/76
Defendant's Address: 475 North Midway, Number 132, Escondido, CA 92027

... PUTNICKI
... U. S. District Court
By ...

Defendant: DAVID ISRAEL XINIDAKIS
Case Number: A-98-CR-153(2)



**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED AND TWENTY-THREE (123) MONTHS**.

Count 1 - 63 Months
Count 2 - 60 Months
Count 3 - 63 Months

IT IS ORDERED that the periods of imprisonment imposed on Counts 1 and 3 shall run CONCURRENTLY. IT IS FURTHER ORDERED that the periods of imprisonment imposed on Counts 1 and 3 shall run CONSECUTIVELY to the period of imprisonment imposed on Count 2.

The defendant is continued in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

________________________________________________
________________________________________________
________________________________________________
________________________________________________

Defendant delivered on ____________________ to ____________________________ at ________________________________________, with a certified copy of this Judgment.

____________________
United States Marshal

By ____________________
Deputy Marshal

Defendant: DAVID ISRAEL XINIDAKIS.
Case Number: A-98-CR-153(2)

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this Court as set forth in page 4 of this judgment; and shall comply with the following additional conditions:

_x_ The defendant shall provide the United States Probation Office with access to any requested financial information or documents during the period of supervision.

_x_ The defendant shall not incur new credit charges or open additional lines of credit without the approval of the United States Probation Office.

_x_ The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

Defendant: DAVID ISRAEL XINIDAKIS
Case Number: A-98-CR-153(2)

**STANDARD CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device. Probation must be revoked for possession of a firearm.

4) The defendant shall not leave the judicial district without the permission of the Court or probation officer.

5) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: DAVID ISRAEL XINIDAKIS
Case Number: A-98-CR-153(2)

## RESTITUTION AND FORFEITURE

### RESTITUTION

**IT IS HEREBY ORDERED** that the defendant shall make restitution as follows:

| Name of Payee | Amount of Restitution |
|---|---|
| **CATTLEMAN'S NATIONAL BANK**<br>Attn: Ms. Dena Roesler, Manager<br>P. O. Box 1243<br>Dripping Springs, TX 78620<br>(512) 894-0347 | **$11,907.00** |
| **TOTAL RESTITUTION:** | **$11,907.00** |

IT IS FURTHER ORDERED that defendant shall be **JOINTLY AND SEVERALLY** liable for restitution with co-defendant Mark Aaron Xinidakis/A-98-CR-153(1), and no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all the compensable injuries.

Payments of restitution are to be made to the Clerk, United States District Court, 200 West 8th Street, Austin, TX 78701.

Restitution shall be paid immediately. If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration. Any unpaid balance at the commencement of a term of probation or supervised release may be paid on a schedule of monthly installments to be approved by the Court and becomes a condition of supervision.

Defendant: DAVID ISRAEL XINIDAKIS
Case Number: A-98-CR-153(2)

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 26 |
| Criminal History Category: | I |
| Imprisonment Range: | 63 months to 78 months |
| Supervised Release Range: | 3 years to 5 years |
| Fine Range: | $ 12,500 to $ 125,000 |
| Restitution: | $ 11,907.00 |

The fine is waived, because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

PROB 12C

# United States District Court

for

WESTERN DISTRICT OF TEXAS

FILED
2008 MAY 29 PM 4:19
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: David Israel Xinidakis Case Number: A-98-CR-153(2)-JRN

Name of Sentencing Judicial Officer: Honorable James R. Nowlin, Senior United States District Judge

Date of Original Sentence: May 6, 1999

Original Offense:

Count 1: Bank Robbery; Aiding and Abetting, in violation of 18 U.S.C §§§ 2113(a), 2113(d) and 2

Count 2: Using and Carrying A Firearm During A Crime Of Violence, in violation of 18 U.S.C §§ 924 (c)(1) and 2

Count 3: Conspiracy To Carry A Firearm During A Crime Of Violence; Aiding and Abetting, in violation of 18 U.S.C §§ 924(o) and 2

Original Sentence:

Count 1: 63 months custody in the United States Bureau of Prisons, to be followed by five (5) years supervised release

Count 2: 60 months custody in the United States Bureau of Prisons, to be followed by five (5) years supervised release

Count 3: 63 months custody in the United States Bureau of Prisons, to be followed by five (5) years supervised release

Counts 1 and 3 shall run consecutively to sentence imposed on Count 2; total custody 123 months.

Type of Supervision: Supervised Release Date Supervision Commenced: August 1, 2006

Assistant U. S. Attorney: Gerald Carruth Defense Attorney: William M. Rugeley

---

## PREVIOUS COURT ACTION

None

## PETITIONING THE COURT

[X] To issue a warrant [ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

__Violation of Standard Condition # 1__: "The defendant shall not commit another federal, state or local crime during the term of supervision."

__Nature of Non-compliance:__ On May 22, 2008, a restraining order was filed against the offender on the grounds that he was exhibiting stalking-like behaviors towards a female in his church congregation. According to the protective order, Xinidakis had been stalking a female he had met while attending Coastline Baptist Church in Oceanside, California. Upon having been served with the protective order, Xinidakis went to Coastline Church on May 24, 2008, and advised the Pastor that despite the protective order forbidding him from attending the 8:30 a.m. service he was going to attend and confront the (protected party) about her "sexual immorality".

On May 25, 2008, Xinidakis accompanied by his mother, arrived at Coastline Church. He was confronted by church staff and asked to leave. Xinidakis continued to attempt to enter the church. He was detained by church staff and the Oceanside Police Department (OPD) was contacted. Officer's with OPD, made contact with the offender and advised him that he was in violation of a protective order. Accordingly, Xinidakis was transported to OPD where he was eventually released and provided with a written citation documenting that he was in violation of a protective order.

Prior to being released OPD Officer's advised the offender that he was not to return to Coastline Baptist Church or he would be in violation of trespassing. Xinidakis indicated that he did not care if he was arrested as he was planning on returning to Coastline Church immediately after being released.

Immediately after releasing from OPD with the citation for violation of a protection order, Xinidakis returned to Coastline Church. Upon arrival he was confronted by church staff who again advised that if he did not leave the premises the police would be called. After the offender refused to leave the church staff contacted OPD . Upon making contact with the offender, OPD officer's arrested and charged Xinidakis with trespassing.

Later that same day, Xinidakis bonded out of custody and he remains in the Oceanside, California, community. The offender is currently under the supervision of the United States Probation Officer in the Southern District of California. The supervising United States Probation Officer has advised that Xinidakis' roommate contacted her at home and advised that the offender was acting irrational and may be a possible threat to himself or others.

__Violation of Standard Condition # 8__: " The defendant shall work lawfully at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons."

__Nature of Non-compliance:__ The offender has been unemployed since October 1, 2007.

__Violation of Standard Condition # 14__: " The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer."

__Nature of Non-compliance:__ The offender failed to notify the supervising United States Probation Officer of his arrest on May 25, 2008, within 72 hours.

## U. S. Probation Officer Recommendation:

The term of supervision should be:

[X] Revoked.

[ ] Extended for _______ years, for a total term of _________ years.

[ ] The conditions of supervision should be modified as follows:

Approved by,

Francisco A. Peralta
Supervising U.S. Probation Officer
Date: May 29, 2008

Respectfully submitted,

Martha N. Davis
U.S. Probation Officer
Date: May 29, 2008

Approved by: ______________________
Gerald Carruth
Assistant United States Attorney

---

## THE COURT ORDERS:

[ ] No Action

[✓] The Issuance of a Warrant

[ ] The Issuance of a Summons

[ ] Other

Honorable Andrew W. Austin
United States Magistrate Judge

5/29/08
Date

CLOSED

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CRIMINAL DOCKET FOR CASE #: 1:98-cr-00153-JRN-2

Case title: USA v. Xinidakis
Magistrate judge case number: 1:98-mj-00134

Date Filed: 08/04/1998

Assigned to: Judge James R. Nowlin

**Defendant (2)**

| | | |
|---|---|---|
| **David Israel Xinidakis**<br>*TERMINATED: 05/06/1999* | represented by | **William M. Rugeley**<br>Attorney at Law<br>120 West Hopkins<br>San Marcos, TX 78666<br>(512) 396-4999<br>Fax: 512/754-7163<br>*TERMINATED: 05/06/1999*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2113A.F & 2 BANK ROBBERY and AIDING AND ABETTING<br>(1) | COUNT 1 - Imprisonment 63 months; Supervised release 5 years; Special assessment $100.00; Restitution $11,907.00 jointly & severally with co-defendant.; COUNT 2 - Imprisonment 60 months; Special assessment $100.00; COUNT 3 Imprisonment 63 months; Special assessment $100.00. |
| 18:924C.F & 2 USING AND CARRYING FIREARM DURING CRIME OF VIOLENCE and AIDING AND ABETTING<br>(2) | COUNT 1 - Imprisonment 63 months; Supervised release 5 years; Special assessment $100.00; Restitution $11,907.00 jointly & severally with co-defendant.; COUNT 2 - Imprisonment 60 months; Special assessment $100.00; COUNT 3 Imprisonment 63 months; Special |

| | |
|---|---|
| | assessment $100.00. |
| 18:924(o) & 2 CONSPIRACY and AIDING AND ABETTING (3) | COUNT 1 - Imprisonment 63 months; Supervised release 5 years; Special assessment $100.00; Restitution $11,907.00 jointly & severally with co-defendant.; COUNT 2 - Imprisonment 60 months; Special assessment $100.00; COUNT 3 Imprisonment 63 months; Special assessment $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2119.F & 2 MOTOR VEHICLE THEFT - CARJACKING and AIDING AND ABETTING (4) | Count dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| Defendants aided and abetted by each other, by force, violence and intimidation did knowingly take from the person and presence of another money, belonging to and in the care, custody, control, management and possession of the Cattleman's National Bank, 401 East Highway 290 West, Dripping Springs, Texas, the deposits of which were insured by FDIC, and in committing such offense, the said defendants use of dangerous weapon, that is a handgun, and a device, the is, a purported bomb in Violation of Title 18, USC, Sections 2113(a, 2113(d) and 2. [ 1:98-m -134 ] | |

**Plaintiff**

**USA** represented by **Gerald Conley Carruth**
Assistant United States Attorney
816 Congress Ave., # 1000
Austin, TX 78701
(512) 916-5858
Fax: 512/916-5855
Email: gerald.carruth@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/08/1998 | | Case assigned to Honorable Alan D Albright [ 1:98-m -134 ] (lc) (Entered: 04/10/1998) |
| 04/08/1998 | 1 | Complaint filed against Mark Aaron Xinidakis, David Israel Xinidakis [ 1:98-m -134 ] (lc) Modified on 08/05/1998 (Entered: 04/10/1998) |
| 04/08/1998 | | Arrest warrant issued for David Israel Xinidakis [ 1:98-m -134 ] (lc) (Entered: 04/10/1998) |
| 07/14/1998 | | Detainer lodged against defendant David Israel Xinidakis [ 1:98-m -134 ] (lc) (Entered: 07/14/1998) |
| 08/04/1998 | | Case assigned to Honorable James R. Nowlin (td) (Entered: 08/05/1998) |
| 08/04/1998 | 2 | Indictment filed against Mark Aaron Xinidakis, David Israel Xinidakis Mark Aaron Xinidakis (1) count(s) 1, 2, 3, 4, David Israel Xinidakis (2) count(s) 1, 2, 3, 4 (Pages: 3) (td) (Entered: 08/06/1998) |
| 09/10/1998 | 5 | Filed petition for writ of habeas corpus ad prosequendum for David Israel Xinidakis (mc2) (Entered: 09/10/1998) |
| 09/10/1998 | 6 | Order as to David Israel Xinidakis granting [5-1] (AA). (Mailed 9/10/98.) (mc2) (Entered: 09/10/1998) |
| 09/10/1998 | | Writ of Habeas Corpus as to David Israel Xinidakis issued (mc2) (Entered: 09/10/1998) |
| 09/29/1998 | 11 | Motion by USA as to David Israel Xinidakis to detain defendant without bond (mc2) (Entered: 09/29/1998) |
| 09/29/1998 | 12 | Filed CJA Form #20 copy #5 as to David Israel Xinidakis appointing William M. Rugeley (mc2) (Entered: 09/29/1998) |
| 09/29/1998 | | Defendant David Israel Xinidakis first appearance held; Defendant informed of rights. (mc2) (Entered: 09/29/1998) |
| 09/29/1998 | 13 | Order of Temporary Detention as to David Israel Xinidakis; Bond set to No Bond, setting Detention hearing for 10:30 10/2/98. (Mailed 9/29/98.) (mc2) (Entered: 09/29/1998) |

| | | |
|---|---|---|
| 09/29/1998 | | Arraignment set at 10:30 10/2/98 for David Israel Xinidakis (mc2) (Entered: 09/29/1998) |
| 10/02/1998 | 16 | Response by David Israel Xinidakis to motion by USA: motion to detain defendant without bond [11-1] (mc2) (Entered: 10/02/1998) |
| 10/02/1998 | 17 | Order of Detention: Bond reset to No Bond for David Israel Xinidakis. granting motion to detain defendant without bond [11-1]. (Mailed 10/2/98.) (mc2) (Entered: 10/02/1998) |
| 10/02/1998 | 18 | Waiver of personal appearance at arraignment and entry of plea not guilty by David Israel Xinidakis (2) count(s) 1, 2, 3, 4 (mc2) (Entered: 10/02/1998) |
| 10/14/1998 | 21 | Motion by David Israel Xinidakis to extend time to file pretrial matters (mc2) (Entered: 10/14/1998) |
| 10/15/1998 | 22 | Order as to David Israel Xinidakis granting motion to extend time to file pretrial matters [21-1] extending motion filing deadline until 5:00 11/30/98 , and order indicates failure to continue would make continuation of further proceedings impossible or result in a miscarriage of justice . (Mailed 10/15/98.) (mc2) (Entered: 10/15/1998) |
| 11/30/1998 | 26 | Motion by David Israel Xinidakis to extend time to file pretrial motions (mc2) (Entered: 11/30/1998) |
| 12/03/1998 | 28 | Order as to David Israel Xinidakis granting motion to extend time to file pretrial motions [26-1], extending motion filing deadline until 5:00 1/29/99 , and order indicates failure to continue would make continuation of further proceedings impossible or result in a miscarriage of justice . (Mailed 12/3/98.0 (mc2) (Entered: 12/03/1998) |
| 01/28/1999 | 31 | Order setting rearraignment for 1:30 2/8/99 for David Israel Xinidakis . (Faxed 1/28/99.) (mc2) (Entered: 01/28/1999) |
| 02/02/1999 | | Acknowledgment receipt of USA magistrate report and recommendations on 2/1/99. (mc2) (Entered: 02/02/1999) |
| 02/08/1999 | 37 | Plea agreement filed as to David Israel Xinidakis (mc2) (Entered: 02/09/1999) |
| 02/08/1999 | 38 | Factual basis by USA as to David Israel Xinidakis (mc2) (Entered: 02/09/1999) |
| 02/08/1999 | 39 | Consent to administration of guilty plea and Rule 11 Allocution by a United States Magistrate Judge as to David Israel Xinidakis (mc2) (Entered: 02/09/1999) |
| 02/08/1999 | 40 | Order of Referral to U.S. Magistrate Albright on felony guilty plea as to David Israel Xinidakis. (Mailed 2/9/99.) (mc2) (Entered: 02/09/1999) |
| 02/08/1999 | | Rearraignment as to David Israel Xinidakis before Magistrate Albright held (mc2) Modified on 02/09/1999 (Entered: 02/09/1999) |
| 02/08/1999 | | Plea agreement disclosed in open court as to David Israel Xinidakis (mc2) (Entered: 02/09/1999) |

| | | |
|---|---|---|
| 02/08/1999 | | Plea of guilty entered by David Israel Xinidakis (2) count(s) 1, 2, 3 (mc2) (Entered: 02/09/1999) |
| 02/08/1999 | 41 | Findings of Fact and Recommendation on felony guilty plea before the United States Magistrate Judge Albright as to David Israel Xinidakis Recommendation that the District Court accept the guilty plea. (Mailed CMRRR 2/9/99.) (mc2) (Entered: 02/09/1999) |
| 02/10/1999 | 42 | Order setting sentencing for 10:00 4/15/99 for David Israel Xinidakis . (Mailed 2/10/99.) (mc2) (Entered: 02/10/1999) |
| 02/12/1999 | | Acknowledgment receipt from David Israel Xinidakis of the magistrate report and recommendations. (fe) (Entered: 02/12/1999) |
| 02/17/1999 | | Acknowledgment receipt of USA magistrate report and recommendations on 2/10/99. (mc2) (Entered: 02/17/1999) |
| 04/07/1999 | 45 | Order as to Mark Aaron Xinidakis, David Israel Xinidakis reset sentencing to 10:00 5/6/99 for Mark Aaron Xinidakis, for David Israel Xinidakis (noticed 4/8/99) (td) (Entered: 04/08/1999) |
| 05/06/1999 | | Dismissed count on motion by the Government Mark Aaron Xinidakis (1) count(s) 2, David Israel Xinidakis (2) count(s) 4 (td) (Entered: 05/10/1999) |
| 05/06/1999 | | Guilty plea accepted by the court as to Mark Aaron Xinidakis (1) count(s) 1, 3, 4, David Israel Xinidakis (2) count(s) 1, 2, 3. (td) (Entered: 05/10/1999) |
| 05/06/1999 | | Sentencing , Mark Aaron Xinidakis (1) count(s) 1, 3, 4, David Israel Xinidakis (2) count(s) 1, 2, 3 held Mark Aaron Xinidakis (1) count(s) 1, 3 , 4 . COUNT 1 - Imprisonment 300 months; Supervised release 5 years; Fine $25,000.00; Special assessment $100.00; Restitution $11,907.00 jointly & severally with co-defendant; COUNT 3 - Imprisonment 240 months; Special assessment $100.00; COUNT 4 - Imprisonment 345 months; Special assessment $100.00. , David Israel Xinidakis (2) count(s) 1, 2 , 3 . COUNT 1 - Imprisonment 63 months; Supervised release 5 years; Special assessment $100.00; Restitution $11,907.00 jointly & severally with co-defendant.; COUNT 2 - Imprisonment 60 months; Special assessment $100.00; COUNT 3 Imprisonment 63 months; Special assessment $100.00. ; Mooted Motions: (td) (Entered: 05/10/1999) |
| 05/07/1999 | 47 | Arrest warrant returned unexecuted for David Israel Xinidakis (td) (Entered: 05/10/1999) |
| 05/10/1999 | 49 | SEALED DOCUMENT PLACED IN VAULT as to David Israel Xinidakis (td) (Entered: 05/10/1999) |
| 05/10/1999 | 51 | Judgment and Commitment as to , David Israel Xinidakis (2) count(s) 1, 2, 3 (Pages: 6) (td) (Entered: 05/10/1999) |
| 06/21/1999 | 53 | Judgment and commitment returned executed as to David Israel Xinidakis (2) count(s) 1, 2, 3 on 6/14/99 to FCI Beaumont, Texas. (td) (Entered: 06/22/1999) |
| 07/23/1999 | | Received acknowledgement from USPO regarding PSI as to Mark Aaron Xinidakis, David Israel Xinidakis (td) (Entered: 07/27/1999) |

| | | |
|---|---|---|
| 05/30/2008 | 54 | Supervised Release Jurisdiction Transferred to Southern District of California, San Diego Division as to David Israel Xinidakis (td) (Entered: 05/30/2008) |

## PACER Service Center

### Transaction Receipt

05/30/2008 16:03:53

| | | | |
|---|---|---|---|
| **PACER Login:** | ud0077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:98-cr-00153-JRN |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |